UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PEARL GLOSTON                                    CIVIL ACTION

v.                                               13-6471

DEPARTMENT OF HOMELAND SECURITY,                 SECTION "F"
ET AL.

ORDER AND REASONS

Before the Court is defendants' motion for partial dismissal. For the reasons that follow, the motion is GRANTED.

Background

Pearl Gloston directly purchased through FEMA pursuant to the National Flood Insurance Program two Standard Flood Insurance Policies for her properties located at 812 and 816 Revere Drive, LaPlace, Louisiana.  The policies were in effect on August 28, 2012, when Hurricane Isaac made landfall, causing damage to the properties.

After Hurricane Isaac, Ms. Gloston registered a claim for her losses and FEMA sent an independent adjuster to the properties to survey the damage.  Based on the adjuster's report, FEMA made a partial payment of her claim.

In August 2013, Gloston filed suit against the Department of Homeland Security and FEMA for breach of contract and declaratory relief, asserting that defendants underpaid her claim.  Defendants now move for partial dismissal.

-1-

I.

A motion brought under Rule 12(b)(1) targets the Court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). An attack upon a complaint under Rule 12(b)(1) can be either facial or factual. See Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). A defendant makes a facial attack upon a complaint when the defendant does nothing more than file the motion. See id. A defendant makes a factual attack upon a complaint when a defendant "submits affidavits, testimony, or other evidentiary materials." Id. When a facial attack is made, courts only consider the allegations in the complaint, presuming them to be true. See id. If a court confronts a factual attack, the plaintiff must "submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." Id.; see also Anderson v. KPA Consulting, No. 02-850, 2002 WL 31246813, at *1 (N.D. Tex. Oct. 3, 2002).

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6), courts must accept the "plaintiff's factual allegations as true," and will not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Drs.

Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co., 376 F.3d 399, 403 (5th Cir. 2004) (quoting Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quoting Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

Federal Rule of Civil Procedure 12(f) permits the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

## II.

### A.

Defendants first contend that plaintiff's claim for declaratory relief should be dismissed because it is redundant and immaterial. The Court agrees. Despite plaintiff's contentions to the contrary, her declaratory relief claim, as presently styled, seeks precisely the same relief requested in her breach of contract claim. Fed. R. Civ. P. 12(f); Scritchfield v. Mut. of Omaha Ins. Co., 341 F. Supp. 2d 675, 682 (E.D. Tex. 2004)(dismissing plaintiffs' claim for declaratory relief because they "would get nothing from a declaratory judgment that they would not get from prevailing on their breach of contract claims").

### B.

Defendants also seek dismissal of any request for extracontractual damages. Defendants contend that there is no

waiver of sovereign immunity under 42 U.S.C. § 4072 to allow damages beyond those for breach of contract.  Even assuming Ms. Gloston requests extracontractual damages, she has not responded in opposition to defendants' request, which appears to have merit. See Gallup v. Omaha Prop. & Cas. Ins. Co., 434 F.3d 341 (5th Cir. 2005); Wright v. Allstate Ins. Co., 415 F.3d 384, 389-90 (5th Cir. 2005)(NFIA preempts extracontractual claims).

Accordingly, defendants' motion for partial dismissal is GRANTED.

New Orleans, Louisiana, April 25, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE